UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>v.<br><br>LEONARD T. PILLING,<br>        Defendant, | CIVIL ACTION NUMBERS<br>04-40032-FDS AND 04-40033-FDS |

**AFFIDAVIT IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION FOR DEFAULT JUDGMENT**

I, Christopher R. Donato, the attorney for the plaintiff in the above-captioned matters, hereby being duly sworn, on oath depose and say:

1. The plaintiff is the owner and holder of a mortgage with statutory power of sale on the property at 25 Kingsbury Road, Spencer, County of Worcester, Massachusetts and at Rawson and Pine Streets, Leicester, Worcester County, Massachusetts, given by Leonard T. Pilling to the Farmers Home Administration. Said mortgage is dated February 26, 1985 and was recorded on April 18, 1985 in the Worcester County, Registry of Deeds in Book 8659 at Page 220.

2. According to the records of the Farm Service Agency of the United States Department of Agriculture, the defendant has an outstanding balance of $536,918.40 on the mortgage owed as of February 2, 2004. (See the attached sworn statement of indebtedness dated February 2, 2004.)

3. On or about March 3, 2004, the plaintiff filed a "Complaint for Approval of Mortgage Foreclosure in Accordance

with the Soldiers' and Sailors' Civil Relief Act of 1940" with the United States District Court for the District of Massachusetts.

4. On that same date, the Court issued an Order of Notice instructing the United States to do the following:

>(a) publish a copy of the attached NOTICE once in the Ware River News, a newspaper published in Ware, Massachusetts, there being no newspaper in the Town of Warren and the Ware River News having a general circulation in the Town of Warren, Massachusetts;
>
>(b) mail by certified mail a copy of the attached NOTICE and COMPLAINT to the defendant at his last known address; and,
>
>(c) record a certified copy of the attached NOTICE in the Worcester County Registry of Deeds.

5. On or about April 22, 2004, the United States filed an Affidavit attesting to having completed the requirements set forth in the Court's Order of Notice.

6. According to the "Process Receipt and Return" form of the United States Marshal Service, the United States Marshals made personal service of the Complaint for Approval of Mortgage Foreclosure in Accordance with the Soldiers' and Sailors' Civil Relief Act of 1940 upon the defendant on March 19, 2004.

7. According to the Notice of Complaint issued by this Court, anyone entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940 who objected to a foreclosure of the mortgage should have filed an appearance and an answer in the United States District Court on or before sixty (60) days

from date of service or you may forever barred from claiming that the foreclosure is invalid under the Soldiers' and Sailors' Civil Relief Act of 1940.

8. Over four months have transpired from the date of service of the Complaint for Approval of Mortgage Foreclosure in Accordance with the Soldiers' and Sailors' Civil Relief Act of 1940 and the plaintiff has yet to receive an answer or other defensive pleading from the defendant or any other party claiming an interest.

9. On March 3, 2004, the plaintiff filed a "Complaint for Repossession of Chattels" with the United States District Court for the District of Massachusetts.

10. According to the "Process Receipt and Return" form of the United States Marshal Service, the United States Marshals made personal service of the Complaint for Repossession of Chattels upon the defendant on March 19, 2004.

11. Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, the defendant had twenty (20) days from the date of service to serve an answer or other defensive pleading on the plaintiff.

12. Over four months have transpired from the date of service of the Complaint for Repossession of Chattels and the plaintiff has yet to receive an answer or other defensive pleading from the defendant.

13. According to the records of the Department of Defense Manpower Data Center, the defendant is not an active member of the armed services of the United States and is not entitled to protection under the Soldiers' and Sailors' Civil Relief Act of 1940.

14. According to the records of the United States Department of Agriculture, the defendant is not an infant.

15. The plaintiff is without knowledge or information as to whether the defendant is incompetent.

Signed under the pains and penalties of perjury, on this 28th day of July, 2004,

/s/ Christopher R. Donato
Christopher R. Donato
Assistant U.S. Attorney

Signed and sworn before me at Boston, Massachusetts, on this 28th day of July, 2004,

/s/ Mary A. Watson
Notary Public
My Commission Expires: 2/16/07

4

**FARM SERVICE AGENCY**
**445 WEST STREET**
**AMHERST, MA  01002**

**INDEBTEDNESS AS OF  02/02/04**
**(PER ADPS)**

NAME:    PILLING, LEONARD T.

CASE NUMBER:    25-019-0010305611

| FUND CODE/ LOAN NO. | DATE OF LAST PAYMENT | UNPAID PRINCIPAL | UNPAID INTEREST | DAILY INTEREST ACCRUAL | DELINQUENT AS OF: 02/02/04 |
|---|---|---|---|---|---|
| 41-02 | 06-23-03 | $ 19,185.23 | $ 1,201.77 | $ 2.5234 | $ 16,786.56B |
| 41-10 | 08-13-03 | $ 1,321.20 | $ 165.87 | $ .1554 | $ 153.22B |
| 44-22 | 09-15-03 | $ 12,263.47 | $ 2,200.63 | $ 1.4734 | $ 8,140.54B |
| 44-23 | 08-13-03 | $ 20,505.63 | $ 4,773.43 | $ 2.2254 | $ 19,718.11B |
| 41-24 | 10-28-96 | $246,129.02 | $229,172.15 | $33.0992 | $173,558.85B |
|  |  | $299,404.55 | $237,513.85 |  |  |

**$536,918.40**

_____
**CARRIE L. NOVAK**
**Farm Loan Chief**

Sworn and subscribed to before me, the undersigned officer, on this 2nd day of February, 2004.

NOTARIAL

SEAL

_____
**JANE A. RICE**
**Notary Public**
**My Commission expires January 29, 2010.**